**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
STRIKE 3 HOLDINGS, LLC,

                      Plaintiff,

          -against-

JOHN DOE, *subscriber assigned IP address* 24.189.172.229,

                      Defendant.
------------------------------------------------------------x

24-CV-1711 (AT) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

      Plaintiff Strike 3 Holdings, LLC ("Plaintiff") moves for leave pursuant to Federal Rule of Civil Procedure 26(d)(1) to serve a subpoena on non-party Internet Service Provider CSC Holdings LLC (Optimum Online) to ascertain the identity of Defendant John Doe. (ECF 11). In its Complaint, Plaintiff alleges that Defendant John Doe infringed upon Plaintiff's copyrights by downloading Plaintiff's films and distributing them without Plaintiff's authorization. For the reasons below, Plaintiff's motion is **GRANTED**. The Rule 26(f) initial conference scheduled for May 9, 2024 is **ADJOURNED** *sine die*. Plaintiff's deadline to effectuate service on the Defendant is **EXTENDED to August 3, 2024**.

      **I.**     **Background**

      Plaintiff runs subscription-based websites streaming adult films and also licenses those films to third-party distributors. (ECF 1 at 4; ECF 12 at 5). Plaintiff alleges that Defendant used BitTorrent, a file distribution network,[1] to download and distribute Plaintiff's work without

---

[1] Plaintiff explains that "BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of

1

authorization. (ECF 1 at 4–8). To combat this suspected theft, Plaintiff developed, owns, and operates an infringement detection system named "VXN Scan," which established direct TCP/IP connections with Defendant's Internet Protocol ("IP") address while Defendant was using the BitTorrent network, and downloaded one or more pieces of Plaintiff's works from Defendant. (ECF 1 at 6). Defendant John Doe is associated with the IP address 24.189.172.229. (ECF 1 at ¶5). Plaintiff alleges that Defendant downloaded and made available on BitTorrent at least one of Plaintiff's films. (ECF 1 at 6).

Because Plaintiff only has Defendant's IP address, Plaintiff now moves for leave to subpoena Defendant's Internet Service Provider, CSC Holdings LLC, for the name and address of Defendant John Doe.

## II. Discussion

### a. Legal Standard

Generally, a party may not seek discovery prior to the parties' Rule 26(f) conference unless it obtains leave of the Court. Fed. R. Civ. P. 26(d)(1). The Court will permit such early discovery upon a showing of "reasonableness" and "good cause." *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007). In cases involving subpoenas seeking identifying information from Internet Service Providers, courts apply this standard by looking at five factors: (1) whether plaintiff has a *prima facie* case for infringement, (2) the specificity of the request, (3) the absence of alternative means to obtain the information, (4) the need for the subpoenaed information, and (5) the defendant's expectations of privacy. *See Strike 3 Holdings, LLC v. Doe*,

---

other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users." (ECF 1 ¶20).

No. 18-CV-12167 (AJN), 2019 WL 340712, at *2 (S.D.N.Y. Jan. 24, 2019) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

   b. **Analysis**

Plaintiff has made a *prima facie* showing of copyright infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016). In its Complaint, Plaintiff attaches a sheet listing the United States Copyright Office registration information for its works that it claims Defendant distributed without authorization. (ECF 1-1). Plaintiff then alleges that Defendant "copied and distributed the constituent elements of Plaintiff's Works." (ECF 1 ¶52).

Plaintiff's request is also sufficiently specific, requesting only the "true identity" of the subscriber associated with IP address 24.189.172.229. (ECF 12 at 11). Courts in this District have repeatedly found that information necessary to identify and serve the defendant satisfies the specificity factor. *See, e.g., Strike 3 Holdings, LLC v. Doe,* No. 18-CV-5590 (AJN), 2018 WL 3756453, at *3 (S.D.N.Y. July 19, 2018); *Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012).

Plaintiff asserts that absent CSC Holdings LLC's cooperation, it would otherwise be unable to identify Defendant. *See* ECF 12 at 11; *see also Wiley*, 284 F.R.D. at 190 (noting BitTorrent only shows the user's IP address); *Digital Sin, Inc. v. Does 1-27*, No. 12-CV-3873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012) (pointing out that Internet providers'

protection of customers' privacy means they are the only source of subscribers' identifying information).

It follows that because obtaining information from CSC Holdings LLC is necessary to identify Defendant, obtaining information from CSC Holdings LLC regarding the subscriber's IP address is necessary for the continued prosecution of this action. *See Strike 3 Holdings*, 2018 WL 3756453, at *3 (noting inability to serve the defendant would effectively terminate the litigation); *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (finding Doe defendants' identities "critical").

Lastly, "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material." *Wiley*, 284 F.R.D. at 191; *see also Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 6, 2013) (finding courts in this District agree on "minimal" privacy expectation for copyright infringers). Any concern about identifying the wrong individual and subsequent undue embarrassment can be alleviated with the Court's procedural safeguards described below. *See Digital Sin*, 2012 WL 2036035, at *4.

### III. Conclusion

Accordingly, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena is hereby **GRANTED**. The Rule 26(f) initial conference scheduled for May 9, 2024 is **ADJOURNED** *sine die*. Plaintiff's deadline to effectuate service on the Defendant is **EXTENDED to August 3, 2024**. To protect the rights of CSC Holdings LLC and Defendant John Doe, it is **ORDERED** that:

Plaintiff may immediately serve a Rule 45 subpoena on CSC Holdings LLC to obtain the name and address of the subscriber associated with IP address 24.189.172.229. Plaintiff shall include a copy of this Order with the subpoena.

CSC Holdings LLC shall have thirty (30) days from the date it is served the subpoena to serve the subscriber with a copy of the subpoena and a copy of this Order. CSC Holdings LLC may use any reasonable means to provide such notice, including, but not limited to, written notice to the subscriber's last known address.

The subscriber shall have forty-five (45) days from the date he/she is served the subpoena to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. CSC Holdings LLC shall not turn over the subscriber's identifying information to Plaintiff before the expiration of this 45-day period. CSC Holdings LLC may also move to contest the subpoena consistent with Federal Rule of Civil Procedure 45. If the subscriber or CSC Holdings LLC files a motion to contest the subpoena, CSC Holdings LLC may not turn over any information to Plaintiff pursuant to the subpoena until the Court has resolved all such motions and ordered CSC Holdings LLC to disclose the information.

If the 45-day period lapses without the subscriber or CSC Holdings LLC contesting the subpoena, CSC Holdings LLC shall have ten (10) days to produce to Plaintiff all the information necessary to comply with the subpoena.

CSC Holdings LLC shall preserve any subpoenaed information pending the resolution of any motion to contest the subpoena.

**SO ORDERED.**

Dated: May 8, 2024
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge